Dear Mr. Marino:
As town attorney for the Town of Kenneth City, you have requested my opinion on substantially the following questions:
 1. May the Town of Kenneth City allow a homeowners' association and others to hold social functions on municipal property at no cost to those groups?
 2. May the Town of Kenneth City use municipal funds to pay for special events insurance coverage for the town and for organizations and others using municipal property?
According to your letter, the Town Council of Kenneth City has, for a number of years, allowed a homeowners' association and others to use the town's community hall, without charge, for such social activities as weekly bingo sessions, pancake breakfasts, and other meetings or events. The town has recently considered buying special events insurance to cover the town's potential liability from any injury or loss sustained by an attendee at events sponsored by the homeowners' association or others using the community hall. This insurance would be paid for by the town and would be purchased with public funds. You question the authority of the town to use public facilities and public funds for these activities.
Question One
Municipalities have been granted home rule powers to exercise any power for municipal purposes except when expressly prohibited by law.[1] This power is tempered by the basic proposition that municipal funds may be used only for a municipal purpose.[2] The determination of what constitutes a valid municipal purpose for the expenditure of public funds is a factual determination for the legislative and governing body involved, which in this instance would be the Town Commission of Kenneth City.[3] Such a determination must be made by the town's commission and cannot be delegated to this office.[4] In making this determination, the commission must make appropriate legislative findings.
Generally, a municipality may either gratuitously or for compensation permit municipal buildings to be used incidentally for lawful private purposes that will not interfere with public use, such as the use of a city hall or other municipal building for lectures, entertainment events, or theatrical performances.[5] With specific regard to bingo games, the Florida Statutes recognize the use of municipal property for conducting such games, with specific reservations.
Section 849.0931, Florida Statutes, authorizes certain charitable, nonprofit, and veterans' organizations to conduct bingo games. The statute also recognizes the right of homeowners' associations to conduct such games.[6] The statute conditions the right of a homeowners' association to conduct bingo on
 "the return of the net proceeds from such games to players in the form of prizes after having deducted the actual business expenses for such games for articles designed for and essential to the operation, conduct, and playing of bingo. Any net proceeds remaining after paying prizes may be donated by the association to a charitable, nonprofit, or veterans' organization which is exempt from federal income tax under the provisions of s. 501(c) of the Internal Revenue Code to be used in such recipient organization's charitable, civic, community, benevolent, religious, or scholastic works or similar activities or, in the alternative, such remaining proceeds shall be used as specified in subsection (3)."
With regard to the use of municipal property for conducting bingo games, section 849.0931(11), Florida Statutes, states:
 "(d) Property owned by a municipality or a county [may be used for conducting bingo games] when the governing authority has, by appropriate ordinance or resolution, specifically authorized the use of such property for the conduct of such games."
As discussed above, then, it is necessary for the legislative body of the municipality to take official action in order to validate the use of municipal property for these purposes.
Therefore, it is my opinion that the Town of Kenneth City is authorized to allow the use of a municipally owned community hall by a homeowners' association or others at no cost for the conduct of bingo, pancake breakfasts, meetings, or other social gatherings. Such use is conditioned upon a legislative finding by the town commission that this use serves a municipal purpose, and, with regard to conducting bingo, the town commission must pass an ordinance or resolution specifically authorizing the use of the property for these games.
Question Two
With regard to your second question, the use of public moneys requires a consideration of the constitutional provisions relating to the expenditure of these funds. Article VII, section10, Florida Constitution, provides in pertinent part:
 "Neither the state nor any county, school district, municipality, special district, or agency of any of them, shall become a joint owner with, or stockholder of, or give, lend or use its taxing power or credit to aid any corporation, association, partnership or person [.]"[7]
The purpose of this constitutional provision is to keep the State out of private business, to insulate State funds against loans to individual corporations or associations, and to withhold the State's credit from entanglement in private enterprise.[8]
As stated by The Supreme Court of Florida in Bannon v. Port ofPalm Beach District,[9] the constitutional provision seeks "to protect public funds and resources from being exploited in assisting or promoting private ventures when the public would be at most only incidentally benefitted."
However, if the expenditure primarily or substantially serves a public purpose, the fact that the expenditure may also incidentally benefit private individuals does not violate ArticleVII, section 10, Florida Constitution.[10] For example, in Attorney General Opinion 2002-18, this office concluded that the Bradford County Board of County Commissioners was authorized to donate money to a nonprofit corporation to help maintain a former school building that would be used by various community organizations, private parties, and governmental entities. The opinion cautioned that the county commission must determine that a county purpose is served by such a donation and that proper safeguards must be implemented to assure accomplishment of that purpose.
According to the information you have submitted to this office, it appears that the Town of Kenneth City intends to purchase insurance to cover the town's potential liability from any injury or loss sustained at a private social event at the community center and coverage would be included for the sponsoring group. As it appears from the discussion in Question One that the town can determine that use of municipal property for these purposes constitutes a municipal purpose, the dedication of public funds to pay for insurance to cover liability to both the city and the sponsor of any such events would also appear to be permissible, provided that the commission determines that a municipal purpose is served by purchasing insurance for sponsors.[11]
Therefore, it is my opinion that the Town of Kenneth City may use municipal funds to pay for special events insurance coverage for the town and for organizations and others using municipal property following a determination that this expenditure serves a municipal purpose.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See s. 166.021, Fla. Stat., and Art. VIII, s. 2(b), Fla. Const. 
[2] See, e.g., Op. Att'y Gen. Fla. 83-06 (1983) and 72-198(1972). See also, s. 10, Art. VII, Fla. Const., (municipality prohibited from lending or using its taxing power or credit to aid private parties) and s. 166.021(1), Fla. Stat. (municipalities may exercise any power for municipal purposes, except when expressly prohibited by law).
[3] See, e.g., State v. Housing Finance Authority of PolkCounty, 376 So. 2d 1158, 1160 (Fla. 1979).
[4] See, e.g., Ops. Att'y Gen. Fla. 88-52 (1988), 86-87 (1986), 84-76 (1984), and 83-05 (1983) (legislative determination and findings as to the purpose and the benefits accruing to the county from the program could not be delegated to the Attorney General, nor could the Attorney General undertake to make such legislative findings on behalf of the county).
[5] See 64 C.J.S. Municipal Corporations s. 1809.
[6] See s. 849.0931(1)(a), Fla. Stat., defining "bingo game"; and (1)(c) defining "charitable, nonprofit, or veterans' organization" for purposes of that section. Section 849.0931(4), Fla. Stat., provides authorization for homeowners' associations as defined in s. 720.301, Fla. Stat., to conduct bingo games.
[7] The constitutional provision lists several exemptions not relevant to the instant inquiry. See Art. VII, s. 10(a)-(d), Fla. Const. 
[8] See, e.g., City of West Palm Beach v. Williams,291 So. 2d 572 (Fla. 1974); and Op. Att'y Gen. Fla. 97-34 (1997).
[9] 246 So. 2d 737, 741 (Fla. 1971).
[10] See, e.g., State v. Housing Finance Authority of PolkCounty, 376 So. 2d 1158, 1160 (Fla. 1979).
[11] Cf., American Home Assurance Company v. National RailroadPassenger Corporation, 908 So. 2d 459 (Fla. 2005) (Supreme Court of Florida recognized that sovereign immunity protections of s.768.28, Fla. Stat., do not protect municipality from liability on indemnification contracts with private parties and amount of indemnity was not limited by s. 768.28(1), Fla. Stat.).